UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARQUES FORD,

        Plaintiff,

        v.

PASSAIC CO. SHERIFFS DEPT.
et al.,

        Defendants.

Civil Action No. 08-6188 (JLL)

**MEMORANDUM OPINION**

**APPEARANCES:**

Plaintiff pro se
Marques Ford
Passaic County Jail
11 Sheriffs Plaza
Paterson, NJ 07501

**LINARES**, District Judge

    Plaintiff Marques Ford, a prisoner confined at Passaic County Jail in Paterson, New Jersey, seeks to bring this civil action in forma pauperis, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983.

    Civil actions brought in forma pauperis are governed by 28 U.S.C. § 1915. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

    Under the PLRA, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement

of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each prison at which he was or is confined. Id.

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee in installments. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20 % of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the PLRA does not suspend installment payments of

the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

In this action, Plaintiff submitted, with his original Complaint, an application for leave to proceed in forma pauperis. The application indicated that Plaintiff had been confined at Curran-Fromhold Correctional Facility in Philadelphia, Pennsylvania, from May 8, 2008, to October 9, 2008, and at Passaic County Jail in Paterson, New Jersey from October 9, 2008, to the date of the application, November 2, 2008. The application was incomplete, in that it included a certified financial statement only from Passaic County Jail, for the period October 15, 2008 through October 31, 2008. By Memorandum Opinion and Order [2, 3] entered December 12, 2008, this Court denied the application for leave to proceed in forma pauperis, directed the Clerk to send Plaintiff a blank form application for leave to proceed in forma pauperis, administratively terminated this action, and granted Plaintiff leave to move to re-open within 30

days thereafter by submitting either the $350 filing fee or a complete application for leave to proceed in forma paueris accompanied by certified institutional account statements from both Curran-Fromhold Correctional Facility and Passaic County Jail, for the period from May 2008 through the date of the Complaint, November 2, 2008.

This Court is in receipt of a new application for leave to proceed in forma pauperis from Plaintiff and has ordered this action re-opened for consideration of the application and, if granted, for screening of the Complaint, see 28 U.S.C. § 1915. The new application remains incomplete. Again, Plaintiff has failed to provide a certified institutional account statement from the period of his confinement at Curran-Fromhold Correctional Facility, or to provide any explanation for the deficiency.

The allegations of the Complaint do not suggest that Plaintiff is in imminent danger of serious physical injury.

CONCLUSION

For the reasons set forth above, Plaintiff's application for leave to proceed in forma pauperis will be denied without prejudice and the Clerk of the Court will be ordered to re-close the file in this action.

An appropriate Order will be entered.

Jose L. Linares
United States District Judge

Dated: 3-9-09